# United States District Court
## Central District of California

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA vs.** | **Docket No.** | 8:21CR00226-DOC-3 |
| **Defendant** SAN PEDRO BAY PIPELINE COMPANY | **Social Security No.** | N O N E (Last 4 digits) |
| akas: none | | |

**\*\*AMENDED\*\* JUDGMENT AND PROBATION/COMMITMENT ORDER**

In the presence of the attorney for the government, the defendant appeared in person on this date.

| MONTH | DAY | YEAR |
|---|---|---|
| 09 | 08 | 2022 |

**COUNSEL**: Brian Benczkowski and Mark C. Holscher, retained
(Name of Counsel)

**PLEA**: [X] GUILTY, and the court being satisfied that there is a factual basis for the plea.   [ ] NOLO CONTENDERE   [ ] NOT GUILTY

**FINDING**: There being a finding / verdict of **GUILTY,** defendant has been convicted as charged of the offense(s) of:
**Negligent discharge of oil into the contiguous zone of the United States, in violation of 33 U.S.C. §§ 1321(b)(3), 1319(c)(1)(A) ar charged in the single count indictment.**

**JUDGMENT AND PROB/ COMM ORDER**: The Court asked whether there was any reason why judgment should not be pronounced. Because no sufficient cause to the contrary was shown, or appeared to the Court, the Court adjudged the defendant guilty as charged and convicted and ordered that: Pursuant to the Sentencing Reform Act of 1984, it is the judgment of the Court that the defendant is hereby committed to the custody of the Bureau of Prisons to be imprisoned for a term of:

It is ordered that the defendant organization shall pay to the United States a special assessment of $125, which is due immediately.

It is ordered that the defendant organization shall be jointly and severally liable to the United States for the $7,100,000 fine assessed against Amplify Energy Corp.

Pursuant to the Sentencing Reform Act of 1984, it is the judgment of the Court that the defendant organization, San Pedro Bay Pipeline Company, is hereby placed on probation on the Single-Count Indictment for a term of four years under the following terms and conditions:

1. As Second Amended General Order 20-04 applies to individuals, it shall be deleted from the original Court order.

2. During the period of community supervision, the defendant organization shall pay the special assessment and fine in accordance with this judgment's orders pertaining to such payment.

3. The defendant organization shall not commit another federal, state or local crime.

4. The defendant organization shall provide the Probation Officer access to any requested financial information.

5. Within 30 days from the date of this judgment, the defendant organization shall designate an official of the organization to act as the organization's representative and to be the primary contact with the Probation Officer.

6. The defendant organization shall answer truthfully all inquiries by the Probation Officer and follow the instructions of the Probation Officer.

7. The defendant organization shall notify the Probation Officer 10 days prior to any change in the principal business or mailing address or within 72 hours if advance notice is not possible.

8. The defendant organization shall permit a Probation Officer to visit the organization at any of its operating business sites.

9. The defendant organization shall report to the Probation Officer as directed and shall submit a truthful and complete written report within the first five days of each month.

10. The defendant organization shall be required to notify the Court or Probation Officer immediately upon learning of (A) any material adverse change in its business or financial condition or prospects, or (B) the commencement of any bankruptcy proceeding, major civil litigation, criminal prosecution, or administrative proceeding against the organization, or any investigation or formal inquiry by government authorities regarding the organization.

11. The defendant organization shall notify the Probation Officer immediately of any intent to sell the organization, change the name of the organization, merge with another business entity, or otherwise dissolve and/or modify, in any form or manner, the organizational structure from its present status.

12. The defendant organization shall apply all monies received from income tax refunds to the outstanding Court-ordered financial obligation. In addition, the defendant organization shall apply all monies received from lottery winnings, inheritance, judgments and any anticipated or unexpected financial gains to the outstanding Court-ordered financial obligation.

13. If the defendant organization changes its name, or merges with another company through a stock or assets purchase, or sells or transfers all or substantially all of its business operations as they exist as of the date of conviction, the renamed, newly-created, transferred, sold, or merged company shall be obliged to meet all of the obligations of defendant organization in accordance with this judgment's orders pertaining to payment of restitution and the special assessment. The defendant organization shall include in any contract for sale, merger, or transfer a provision fully binding the purchaser(s) or any successor(s) in interest thereto the obligations described in the Court-ordered conditions of probation.

14. The defendant organization shall make whole governmental agencies and entities, including the United States Coast Guard and the Oil Spill Liability Trust Fund administered by the Coast Guard, for direct and indirect expenses incurred as the result of the governmental response in the aftermath of the spill from the 17-mile San Pedro Bay Pipeline (the "Pipeline"), in accordance

with submissions for payment received by those agencies and where such expenses have not yet been reimbursed by defendant organization at the time of entry of defendant organization's guilty plea. To date, the Coast Guard has incurred approximately $5,844,700 in direct and indirect expenses in responding to the spill, including funds expended out of the Oil Spill Liability Trust Fund. Defendant organization has begun to make repayment toward those expenses.

15. Within 60 days of defendant organization's entry of their guilty plea, defendant organization shall ensure all operational employees and related management personnel are trained and instructed, in compliance with California Government Code Section 8670.25.5, to immediately notify and update all appropriate response agencies, including the California State Office of Emergency Services ("Cal-OES"), and any local unified environmental program or agency, of any release or threatened release of a hazardous material or pollutant substance from any pipeline, conveyance system, or any other operation of defendant organization in the State of California, as required by law.

16. At the time they are authorized to restart production through the Pipeline, defendant organization shall ensure they are using a leak detection system on the Pipeline that provides the Best Achievable Protection using the Best Achievable Technology, as those terms are defined in Title 14 of the California Code of Regulations, Section 790, subdivision (b)(5), and Section 790, subdivision (b)(6). The new leak detection system will run concurrently with the previous leak detection system for up to 180 days after production is authorized to restart to ensure that the new leak detection system is appropriately calibrated to the Pipeline.

17. Defendant organization, as the operator of the Pipeline, shall report any indication of lateral or elevation movement as identified by the GPS tracking from remotely operated vehicle ("ROV") visual inspections and report any indication of damages identified from the visual inspections, such as the concrete casing being damaged or displaced. Data indicating deviation from the permitted location of the Pipeline shall be provided to the United States Department of Transportation Pipeline and Hazardous Materials Safety Administration ("PHMSA"), the State Lands Commission, and the State Fire Marshal within seven (7) days after the ROV videos are processed and provided to defendant organization.

18. After each leak detection alarm, defendant organization shall notify the Cal-OES State Warning Center of the leak detection alarm.

19. Defendant organization shall establish and maintain a contract with an oil spill response organization, vessel service company, or other entity that will promptly deploy upon request, and that has the capability to detect oil on the surface of the water at night or in low-light conditions.

20. Defendant organization must conduct actual visual inspections of the Pipeline semiannually (e.g., an ROV). Driving a boat on the surface of the water over the route of the Pipeline is not sufficient. Anomalies found on the Pipeline shall be reported to PHMSA, the United States Department of Interior Bureau of Safety and Environmental Enforcement ("BSEE"), and the California State Fire Marshal.

21. Defendant organization shall revise the Risk & Hazard Analysis in their oil spill contingency plan that has been approved by the California Department of Fish and Wildlife, Office of Spill Prevention and Response ("OSPR") [Plan # M5-24-3231] to expressly account for the risk to pipelines from anchors, vessels, or fishing operations.

22. Defendant organization shall resubmit its oil spill contingency plan to OSPR [Plan # M5-24-3231], with updates reflecting the changes required by these probationary terms, and notify the United States Probation and Pretrial Services Office ("Probation") and the Chief of the Environmental and Community Safety Crimes Section ("ECSCS") at the United States Attorney's Office for the Central District of California ("USAO") that they have done so.

23. Defendant organization shall review and ensure adequacy of the existing O & M Manual and sections related to Leak Detection (Section 5.02), Abnormal Operating Conditions (PSOM section 17.08), and Emergency Response Procedures (PSOM Section 17.09).  Once the review and changes are completed, defendant organization shall submit updated documents to OSPR and notify Probation and the Chief of ECSCS at the USAO that they have done so.

24. Defendant organization shall review and update the SPBPL 16" Manual Leak Detection Procedure (SPBPL-001.00 rev: REA 7/11) to reflect current practices and compliance with probation terms. Once the review and updates are completed, defendant organization shall submit updated documents to OSPR and notify Probation and the Chief of ECSCS at the USAO that they have done so.

25. Defendant organization shall review and update all of the spill notification procedures found in their plan submitted to OSPR [Plan # M5-24-3231] to ensure compliance with requirements for immediate notification pursuant to California Government Code Section 8670.25.5.  Once completed, defendant organization shall submit the updated procedures to OSPR and notify Probation and the Chief of ECSCS at the USAO that they have done so.

26. Defendant organization shall provide training to operational employees and related management personnel on all requirements and updated spill notification procedures for immediate notification, in compliance with California Government Code Section 8670.25.5, to appropriate federal, state and local authorities, including the United States Coast Guard National Response Center and the Cal-OES State Warning Center.

27. Defendant organization shall make modifications to their existing pipeline related procedures. These modifications will require financial investment of at least $250,000 and defendant organization will use best efforts to implement any procedural improvements that their third-party consultant Eagle Energy Services LLC concludes to be necessary before the Pipeline is restarted with the pumping of oil, to the extent such proposed procedural improvements are not in conflict with any requirements from PHMSA and BSEE, the agencies responsible for approving the restart of operations on the Pipeline.

28. Defendant organization shall provide mandatory training to operational employees and related management personnel on these updated operational policies and procedures, and engage a

qualified third-party provider to provide updated training on shipping, shut-down, and restart before restarting Pipeline operations.

29. The defendant organization shall submit the defendant organization's person and property – including any residence, premises, vehicle, container, papers, effects, and computers, cellular telephones, and other electronic communication or digital storage devices or media under the defendant organization's control --- to search and seizure at any time of the day or night by any law enforcement officer or probation officer, with or without a warrant, probable cause, or reasonable suspicion.

30. The defendant organization shall report to the United States Probation & Pretrial Services Office within 72 hours of placement on probation.

31. The defendant organization shall report in person directly to the Court within 21 days of placement on probation, at a date and time to be set by the United States Probation Office, and thereafter report in person to the Court as directed during the first year of probation.

Bond is exonerated upon surrender.

In addition to the special conditions of supervision imposed above, it is hereby ordered that the Standard Conditions of Probation and Supervised Release within this judgment be imposed. The Court may change the conditions of supervision, reduce or extend the period of supervision, and at any time during the supervision period or within the maximum period permitted by law, may issue a warrant and revoke supervision for a violation occurring during the supervision period.

| September 8, 2022 | | _David O. Carter_ |
|---|---|---|
| Date | | Hon. David O. Carter, U. S. District Judge |

It is ordered that the Clerk deliver a copy of this Judgment and Probation/Commitment Order to the U.S. Marshal or other qualified officer.

Clerk, U.S. District Court

| September 8, 2022 | By | Karlen Dubon |
|---|---|---|
| Filed Date | | Deputy Clerk |

| USA vs. | SAN PEDRO BAY PIPELINE COMPANY | Docket No.: | 8:21CR00226-DOC-3 |
|---|---|---|---|

The defendant must comply with the standard conditions that have been adopted by this court (set forth below).

### STANDARD CONDITIONS OF PROBATION AND SUPERVISED RELEASE

While the defendant is on probation or supervised release pursuant to this judgment:

1. The defendant must not commit another federal, state, or local crime;
2. The defendant must report to the probation office in the federal judicial district of residence within 72 hours of imposition of a sentence of probation or release from imprisonment, unless otherwise directed by the probation officer;
3. The defendant must report to the probation office as instructed by the court or probation officer;
4. The defendant must not knowingly leave the judicial district without first receiving the permission of the court or probation officer;
5. The defendant must answer truthfully the inquiries of the probation officer, unless legitimately asserting his or her Fifth Amendment right against self-incrimination as to new criminal conduct;
6. The defendant must reside at a location approved by the probation officer and must notify the probation officer at least 10 days before any anticipated change or within 72 hours of an unanticipated change in residence or persons living in defendant's residence;
7. The defendant must permit the probation officer to contact him or her at any time at home or elsewhere and must permit confiscation of any contraband prohibited by law or the terms of supervision and observed in plain view by the probation officer;
8. The defendant must work at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons and must notify the probation officer at least ten days before any change in employment or within 72 hours of an unanticipated change;
9. The defendant must not knowingly associate with any persons engaged in criminal activity and must not knowingly associate with any person convicted of a felony unless granted permission to do so by the probation officer. This condition will not apply to intimate family members, unless the court has completed an individualized review and has determined that the restriction is necessary for protection of the community or rehabilitation;
10. The defendant must refrain from excessive use of alcohol and must not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;
11. The defendant must notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer;
12. For felony cases, the defendant must not possess a firearm, ammunition, destructive device, or any other dangerous weapon;
13. The defendant must not act or enter into any agreement with a law enforcement agency to act as an informant or source without the permission of the court;
14. The defendant must follow the instructions of the probation officer to implement the orders of the court, afford adequate deterrence from criminal conduct, protect the public from further crimes of the defendant; and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

| | | | |
|---|---|---|---|
| USA vs. | SAN PEDRO BAY PIPELINE COMPANY | Docket No.: | 8:21CR00226-DOC-3 |

☐ The defendant must also comply with the following special conditions (set forth below).

**STATUTORY PROVISIONS PERTAINING TO PAYMENT AND COLLECTION OF FINANCIAL SANCTIONS**

The defendant must pay interest on a fine or restitution of more than $2,500, unless the court waives interest or unless the fine or restitution is paid in full before the fifteenth (15th) day after the date of the judgment under 18 U.S.C. § 3612(f)(1). Payments may be subject to penalties for default and delinquency under 18 U.S.C. § 3612(g). Interest and penalties pertaining to restitution, however, are not applicable for offenses completed before April 24, 1996. Assessments, restitution, fines, penalties, and costs must be paid by certified check or money order made payable to "Clerk, U.S. District Court." Each certified check or money order must include the case name and number. Payments must be delivered to:

United States District Court, Central District of California
Attn: Fiscal Department
255 East Temple Street, Room 1178
Los Angeles, CA 90012

or such other address as the Court may in future direct.

If all or any portion of a fine or restitution ordered remains unpaid after the termination of supervision, the defendant must pay the balance as directed by the United States Attorney's Office. 18 U.S.C. § 3613.

The defendant must notify the United States Attorney within thirty (30) days of any change in the defendant's mailing address or residence address until all fines, restitution, costs, and special assessments are paid in full. 18 U.S.C. § 3612(b)(l)(F).

The defendant must notify the Court (through the Probation Office) and the United States Attorney of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay a fine or restitution, as required by 18 U.S.C. § 3664(k). The Court may also accept such notification from the government or the victim, and may, on its own motion or that of a party or the victim, adjust the manner of payment of a fine or restitution under 18 U.S.C. § 3664(k). See also 18 U.S.C. § 3572(d)(3) and for probation 18 U.S.C. § 3563(a)(7).

Payments will be applied in the following order:

1. Special assessments under 18 U.S.C. § 3013;
2. Restitution, in this sequence (under 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid):
   Non-federal victims (individual and corporate),
   Providers of compensation to non-federal victims,
   The United States as victim;
3. Fine;
4. Community restitution, under 18 U.S.C. § 3663(c); and
5. Other penalties and costs.

**CONDITIONS OF PROBATION AND SUPERVISED RELEASE PERTAINING TO FINANCIAL SANCTIONS**

As directed by the Probation Officer, the defendant must provide to theProbation Officer: (1) a signed release authorizing credit report inquiries; (2) federal and state income tax returns or a signed release authorizing their disclosure and (3) an accurate financial statement, with supporting documentation as to all assets, income and expenses of the defendant. In addition, the defendant must not apply for any loan or open any line of credit without prior approval of the Probation Officer.

When supervision begins, and at any time thereafter upon request of the Probation Officer, the defendant must produce to the Probation and Pretrial Services Office records of all bank or investments accounts to which the defendant has access, including any business or trust accounts. Thereafter, for the term of supervision, the defendant must notify and receive approval of the Probation Office in advance of opening a new account or modifying or closing an existing one, including adding or deleting signatories; changing the account number or name, address, or other identifying information affiliated with the account; or any other modification. If the Probation Office approves the new account, modification or closing, the defendant must give the Probation Officer all related account records within 10 days of opening, modifying or closing the account. The defendant must not direct or ask anyone else to open or maintain any account on the defendant's behalf.

The defendant must not transfer, sell, give away, or otherwise convey any asset with a fair market value in excess of $500 without approval of the Probation Officer until all financial obligations imposed by the Court have been satisfied in full.

These conditions are in addition to any other conditions imposed by this judgment.

| USA vs. | SAN PEDRO BAY PIPELINE COMPANY | Docket No.: | 8:21CR00226-DOC-3 |
|---|---|---|---|

## RETURN

I have executed the within Judgment and Commitment as follows:

Defendant delivered on _____ to _____

Defendant noted on appeal on _____

Defendant released on _____

Mandate issued on _____

Defendant's appeal determined on _____

Defendant delivered on _____ to _____

at _____

the institution designated by the Bureau of Prisons, with a certified copy of the within Judgment and Commitment.

United States Marshal

By _____

Date / Deputy Marshal

## CERTIFICATE

I hereby attest and certify this date that the foregoing document is a full, true and correct copy of the original on file in my office, and in my legal custody.

Clerk, U.S. District Court

By _____

Filed Date / Deputy Clerk

## FOR U.S. PROBATION OFFICE USE ONLY

Upon a finding of violation of probation or supervised release, I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed) _____    _____
Defendant                              Date

_____                   _____
U. S. Probation Officer/Designated Witness    Date